UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRANCE TURNER,

                         Plaintiff,

            v.                                      1:25-cv-1561
                                                     (ECC/DJS)

GOLDMAN FINANCIAL, *et al.*,

                         Defendants.

_____

APPEARANCES:

TERRANCE TURNER
Plaintiff, *Pro Se*
Fayetteville, North Carolina 28314

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On December 9, 2025, this Court issued a Report-Recommendation recommending that the Complaint in this matter, Dkt. No. 1-1, Compl., be dismissed with leave to amend. Dkt. No. 6, Report-Recommendation. Plaintiff did not file objections to the Report-Recommendation. On April 15, 2026, the District Court adopted the Report-Recommendation and granted Plaintiff leave to file an Amended Complaint. Dkt. No. 7. On May 4, 2026, Plaintiff filed an Amended Complaint. Dkt. No. 8, Am. Compl.[1] The

_____
[1] Citations to Plaintiff's Amended Complaint are to page numbers provided by the Court's CM/ECF system.

- 1 -

Amended Complaint is before the undersigned for review pursuant to 28 U.S.C. § 1915 ("Section 1915").

The legal standard for review under Section 1915 was previously outlined in this Court's prior decision, Report-Recommendation at pp. 3-4, and need not be recounted in detail herein. In summary, this Court's task under Section 1915(e) is to consider whether Plaintiff's Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Courts undertaking this review should liberally construe the pleadings. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Upon review of the Amended Complaint, the Court again recommends dismissal. Little has changed from a legal perspective with the filing of the Amended Complaint. The original Complaint named seven Defendants: Goldman Financial, the Office of the Inspector General, the U.S. Department of Justice, the Federal Trade Commission, the Security and Exchange Commission, the Internal Revenue Service Whistleblower Office - ICE, and the USSOCOM. Dkt. No. 1 at p. 2. The Amended Complaint does not make clear whether it is again brought against all seven of the Defendants originally named in the Complaint. *See generally* Am. Compl. Most of the original Defendants are

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

not named in the Amended Complaint. *See generally id.* At minimum, Goldman Financial is named both in the caption and in the body of the Amended Complaint. *Id.* at pp. 3 & 9. Plaintiff also seemingly intends to include as a defendant a law firm, though it is not clear which one, as the Amended Complaint merely states that "[t]he first law firm that misquoted jurisdiction to [Plaintiff] in 'legal malpractice' and fraud is sued here," but does not provide the name of said law firm or any of its attorneys, let alone any other details sufficient to identify them. *Id.* at p. 14. The Amended Complaint also references, though only minimally, "the Federal Reserve, FDIC, OCC, [and] [t]he Treasury Department," *id.*, as well as the FBI, *id.* at p. 18, but it is not clear that they are actually named as parties to the lawsuit.

Regardless of which of these entities Plaintiff intends to name as a defendant in the present lawsuit, the Amended Complaint does not adequately address the legal deficiencies identified by the Report-Recommendation with respect to Plaintiff's claims. The Report-Recommendation advised that Plaintiff's Complaint was subject to dismissal because it failed to comply with basic pleading requirements and did not provide fair notice of the claims being asserted so as to give Defendants the opportunity to file a responsive answer and prepare an adequate defense. Report-Recommendation at pp. 5-9. The Amended Complaint does not cure these defects.

While the Amended Complaint addresses one problem raised by the Court in the Report-Recommendation, *id.* at pp. 6-7, by clarifying that Plaintiff applied for a job with

Defendant Goldman Financial, Am. Compl. at p. 9, it remains unclear what connection the remaining Defendants have to this lawsuit. Report-Recommendation at pp. 6-7. Much of the Amended Complaint continues to only vaguely refer to "the defendant" or to an unspecified pronoun, such as "them," "they," and "he." *See*, *e.g.*, Am. Compl. at pp. 10, 12, & 17; *see also* Report-Recommendation at p. 6.

Also, for the reasons previously expressed by the Court in reviewing the originally filed Complaint, Report-Recommendation at p. 7, it continues to remain unclear what standing Plaintiff has to pursue claims under the Dodd Frank Act based on profits being obtained by charging unreasonable transaction fees, as well as under the Federal Trade Commission Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act based on alleged dishonest lending and arbitrarily throwing away or denying loan applications. Am. Compl. at pp. 21-24.

Plaintiff again seeks to bring a claim under the Federal Fair Labor Standards Act, this time based on "[n]ot paying employees" and "[p]resentment of a job employment discussion with the plaintiff where it is confessed that no pay will occur." *Id.* at p. 16. Similarly, Plaintiff brings claims under the Civil Rights Act based on "creat[ing] a job position of employment that is entangled with illegalities, where the plaintiff is entrapped in a scheme of conspiracy to defraud loan customers," and "demand[ing] that the plaintiff work in the condition of indentured-servitude and peonage-slavery . . . by way of 'commission.'" *Id.* at p. 13. Yet, Plaintiff has still not alleged that he was employed by

- 4 -

any of the Defendants; rather, Plaintiff repeatedly notes that he was not offered a job. *See*, *e.g.*, *id.* at pp. 12-15 & 19.

Plaintiff appears to have abandoned his claims that Defendants violated the Civil Rights Act by subjecting him to "psychological examination" and illegal interview questions and by discriminating against him for being black, Compl. at pp. 4, 7-9, & 14-16, which the Court previously found to be conclusory and insufficiently stated. Report-Recommendation at pp. 8-9. However, Plaintiff alleges that Defendants violated the Federal Trade Commission Act by "construct[ing] a business where certain-types-of-employees by national origin and intelligence and competency rating and value employ the whole entire organization," Am. Compl. at pp. 21-22, which should be rejected for the same reason, as it is conclusory and insufficient.

In addition to the aforementioned claims that the Court previously reviewed and recommended dismissal of, the Amended Complaint also asserts two new claims. *Id.* at pp. 22-23. The first is based on Consumer Product Safety and alleges that "[t]he loan products being thrown away arbitrarily makes it an unsafe product for consumers and will lead to employees not honestly engaging with customers." *Id.* at p. 22. The second is based on Consumer Product Warranties and alleges that "there is a deliberate practice globally[] to hire third-world country workers, second-world country workers, those that sound like them, [and] those that act like them." *Id.* at pp. 22-23. Once again though, it is not clear to the Court that Plaintiff has any standing to assert claims based on loans he

did not apply for and a job he did not receive. *See supra* at pp. 4-5; Report-Recommendation at pp. 7-9. To the extent that Plaintiff attempts to assert that his rights were somehow violated during the hiring process, his claims are again too conclusory. *See supra* at p. 5; Report-Recommendation at pp. 8-9.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Plaintiff has already been granted leave to amend. Dkt. No. 7 at p. 2. Given the nature of the allegations, the Court recommends that further leave to amend not be granted.

**ACCORDINGLY,** it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 8) be **DISMISSED without leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  June 30, 2025
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).